118-1720 Williams v. L. Martin v. Gibson, Newspeak v. Illinois State Treasurer Counsel, you may proceed. Good morning, Justices. Counsel, Commissioner Ford, a widow, Ms. Jan Kilmartin. We have three issues to be considered. What's your name? Paul Topp, Mr. Klein, former petitioner of William L. Martin. We have three issues to be considered. The noble review, jurisdiction, and licensing of employment. Can we talk about some basic potential impediments here in the case, some threshold issues? You're aware that the Attorney General has filed a motion here citing a recent case in the estate of Cormondy, in which they have pointed out, in that case, we found it fair to appoint and substitute a personal representative after the claimant's death, suspended the jurisdiction of the commission until a proper successor was named. So, first of all, what's your response to that motion? I think our facts are different. In our case, the testimony of William L. Martin was taken before the close of the case at arbitration, so that it was part of his testimony. He was deposed, and his testimony was part of the decision, or was presented to the arbitrator before his decision. Let me try this. When did he die in reference to these proceedings? Did he die before the arbitrator's decision came out? He died before the decision came out. Before the arbitrator's decision came out? Before he decided to write the case. Okay, then who filed the review before the commission? Who filed the review? It was the widow. Was she substituted in as a substitute petitioner as either individually or as representative of the estate of the decedent? As far as the record, when we presented her testimony, she testified before the arbitration. No, I don't care who testified. You're telling me that the man died before the arbitrator's decision was issued. Is that correct? Yes. Who filed the petition for review? He's dead. He can't file it. Who filed it? The widow. Did she file in her individual capacity, or had she been appointed the administrator of the estate of the deceased claimant? As her individual capacity. She can't do that. She can't do that. There's no jurisdiction. The commission never had jurisdiction to issue a decision. You're not familiar with this case. Have you looked at this case, Coleman? The motion? Yeah. I thought we were distinguishing. I thought we were able to distinguish it because in our case, his testimony was part of the... But the impediment in that case wasn't when the testimony was taken. It was, in fact, in that case that here the claimant died before the arbitrator issued the decision. So what he is saying is what proper party was appointed and substituted in to be the personal representative for the claimant to prosecute the appeal? That apparently wasn't done here. You would have to concede that, correct? Correct. Well, if that's the case, then the commission had no jurisdiction to issue its decision, in which case we would be required to vacate both the circuit court's decision and the commission's decision and send it back down to the commission so that a proper special administrator of the claimant's estate can be appointed and then the arbitrator gets to issue a decision, I guess, and the commission then, if it's properly positioned for review, is filed, you bring it. Just procedurally, if the arbitrator's decision was stand, because... Why would it stand? He died before the decision was issued. That suspends the jurisdiction of the tribunal. So he can't issue the decision. So you've got to vacate the circuit court's decision, the commission's decision, the arbitrator's decision, and send it all back downstairs to be redone again. I mean, I don't know what else we can do. If you're telling me no special administrator of the estate was ever appointed, was a probate estate ever opened for this man? That you know of? So then you go down and you go to the probate court and you ask for the appointment of a special administrator of the estate, and then the special administrator can come back in and ask for a decision out of the arbitrator, this time with jurisdiction. I mean, it's a jurisdictional defect and we can't ignore it. It's a problematic area. There's no question about it. Because if you're in the circuit court, it's very easy because you can go to the circuit judge before whom the case is pending and ask for the appointment of a special administrator. Commission doesn't have the authority to appoint a special administrator, so you've got to go dancing into the probate court and then come back again. But I don't know what else we can do with it. See, there has to be an estate open because there's a cause of action, which is property, okay? And so that you really have to begin at step one in these instances with going into probate, opening an estate, getting an administrator, unless there's a will that's been filed, appointed to collect assets and prosecute on behalf of the estate. In other words, somebody has to handle the appeal. There's no – the claimant is deceased. He can't be – so once he's died, he can no longer take any further action on behalf – pursuing the claim. In this case, it's even more basic. The arbitrator didn't have jurisdiction to issue his decision if the man died before the decision was issued. It suspended jurisdiction, in which case, go to the probate court, get somebody, and then you can go back and ask for an arbitrator's decision. Now, with the will, with the special administrator of the estate, and she can prosecute the appeals all the way up and down the line. The good news is that this is the first case to come before us since the ruin of Cormany. So there is a road map for you as to how to proceed, whereas we wrestled with this issue several months ago. We drafted an opinion, so it's all a road map. So it's a – yeah, it's a published opinion, and it's a process, and so there's authority there to do it. I mean, it's not – this is new. This is new. This just happened. And so we just issued the opinion, what, a month ago, two months ago? And so it's a new phenomenon. We've just never seen it happen before. And so we put out the road map in comedy, but the fact of the matter is it is a new proposition, so no one would have expected you to divine it out of the air. We do the divining up here. But – Not out of the air. But – No, I understand. Honestly, the city took the – took pretty far along with the case before that city. Yeah, there's no question about it. Yeah. Yeah. Right. Thank you. So we'll – Yeah, and that's probably why the commission didn't pick it up either, because it – Okay. I guess as far as a ruin, we just – We would just vacate everything and send it all back down. Right. Thank you. Okay. Thank you, counsel. Thank you. Mr. Contesta? Sorry. Sorry, Don. Yes. Do you have a response? Okay. Well, Mr. Klein will be able to reply to that response, whatever it may be. Good morning, Your Honors. Counsel. May it please the Court, I am Assistant Attorney General Mary Woodcock, here to present the Illinois State Treasurer, Assistant Chief of Custodian, a new mortgage benefit fund. We agree with the problem that Your Honors have recognized. Obviously, because we filed the motion. However, after further reflection, we have thought – we are proposing one jurisdictional thing that the Court could do. This case can be distinguished from the court meeting in two ways. The first is that there is an alternative jurisdictional defect in this case. Because, as the commission found, it didn't have jurisdiction because there was no evidence that the contract were higher. Yeah, but that would require us to address the merits of that argument. The commission had no right to address the merits of the argument because jurisdiction was lost before the arbitrator's decision was issued. We can't review a decision, the arbitrator's decision, where there was no jurisdiction to issue it. That argument makes no sense. What we're thinking is, if the decision went on the merits, they couldn't even do that because the commission's decision was that there was no jurisdiction. The point of the matter is the commission had no jurisdiction to issue a decision in that case. Jurisdiction was lost when the case was still before the arbitrator. There is no arbitrator's decision for the commission to review. It doesn't exist. It was issued by an arbitrator that lost jurisdiction. You can't address the merits of any argument before the commission if the arbitrator had no jurisdiction. The commission only reviews arbitrator's decisions, right? Right. Okay, if there is no arbitrator's decision, what do they review? They review the decision that had no jurisdiction. Exactly, so in that particular case, your argument doesn't hold water right now. It may, when it comes back up again through the commission, may very well, after it goes back down and the decision is issued by an arbitrator who has jurisdiction to issue it, and it goes back to the commission on a petition for review, then in that particular case, this jurisdictional argument you want to make may very well come up again. But you've got to have an arbitrator's decision first. In other words, the appeal was improperly taken to the commission because there was no valid arbitrator's decision in the first place. Thank you. You're saying they could rule on jurisdiction. They shouldn't have ruled at all. They had no business ruling, period, under these facts. It doesn't matter whether there was jurisdiction in the other sense or not. They should have never had no jurisdiction to hear the appeal. Do you understand what we're saying? Would you like to respond to that? Would you like to respond to that? Well, because this was a decision that there was no jurisdiction, that this Court could affirm the decision that there was no jurisdiction because it would not be exercised in the jurisdiction. It's fine if it wasn't. Well, you're ruling on the jurist, though. It shouldn't be before us is what he's saying. Of course. Well, in that case, we will urge the Court to make a decision in that case. Okay. We're not going to take it personally, but you did – your office did file a motion for that very reason, that you're not citing that case? Yes. And that was the relief you were asking for in the motion? Yes. So you don't? Just wanted to make sure that we did everything possible. Cover alternative basis, we understand. Okay. We understand. An additional basis for the lack of jurisdiction, and it would save this Court a step Yeah, but we can't issue orders and opinions without having a proper case before us. You also may get a different decision out of a different panel of the Commission. When a bonafide arbitrator's decision is issued, this thing's going to go back up before the Commission. You're not guaranteed of getting the same panel that you had the first time. And the new panel may find that there was jurisdiction subject to that. This is personal. Okay. Okay. Very good. Thank you, Your Honor. Thank you. Do you need to respond? No, we're good. All right. Very good. Thank you. Thank you, counsel. We'll bring this argument and written disposition shall issue. Thank you.